|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| RUDOLF SHTEYNBERG, <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM, <br><br> Defendants. | Case No.: 17-CV-1098 JLS (KSC) <br><br> **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT** <br><br> (ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Rudolf Shteynberg's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court

1

17-CV-1098 JLS (KSC)

may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that he is a private tutor and receives $35 per lesson, though he does not provide the amount of lessons he offers in the average month. (IFP Mot. 1.[1]) He also receives $560.38 from retirement benefits and $378 from disability benefits every month, which totals to an average $938 monthly income. (*Id.* at 2.) However, he indicates that his average monthly expenses total roughly $2,000, the bulk of which come from business operations. (*Id.* at 4–5.) Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette*

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

*v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Plaintiff appears to have filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, seeking to hold Defendant liable for several alleged violations. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff brings claims for "violations of civil rights," "medical negligence," "mass tort," "false arrests," "personal injuries," "time spen[t]," and "$ spen[t]." (*Id.* at 1.) He also appears to list where, and in at least one instance when, these

alleged violations occurred, but does not provide any other facts to support these claims for relief. (*See, e.g.*, *id.* at 2 (noting that a "false arrest by police officers" occurred at La Messa Library in 2014).) Without any more factual allegations, the Court cannot assess whether Plaintiff adequately pleads plausible claims for relief. The Court therefore finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. For this reason the Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 3). *See, e.g.*, *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (noting that appointment of counsel in civil matters is restricted to "exceptional circumstances" which means "the litigant must demonstrate the likelihood of success and the complexity of legal issues involved").

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2);

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1). Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the date on which this Order is electronically docketed. *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice*;

3. **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 3); and

4. **DENIES AS MOOT** Plaintiff's Motion to Expedite Legal Process (ECF No. 5).

**IT IS SO ORDERED.**

Dated: June 30, 2017

Hon. Janis L. Sammartino
United States District Judge

4

17-CV-1098 JLS (KSC)