UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>                          Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM,<br><br>                        Defendants. | Case No.: 17-CV-1098 JLS (KSC)<br><br>**ORDER ON VARIOUS MOTIONS**<br><br>(ECF Nos. 8, 10, 12, 14, 16, 18) |

      Presently before the Court are a flurry of motions filed by Plaintiff Rudolf Shteynberg over the last two weeks. Among them are several motions to appoint pro bono legal counsel. (ECF Nos. 8, 12, 16.) On June 30, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but dismissed his complaint for failure to state a claim. (ECF No. 6.) The Court granted Plaintiff thirty days to file an amended complaint, which he has not done. As the Court previously explained in that Order, Plaintiff must file an operative complaint that explains, through <u>factual allegations</u>, exactly what happened in his case; he cannot simply list the names of causes of action. To date, Plaintiff has not filed an amended

complaint. But out of an abundance of fairness to Plaintiff, the Court **GRANTS** Plaintiff an additional thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint. The Court, again, instructs Plaintiff to file an amended complaint that explains, among other things, who did what, when they it, and why Plaintiff believes those actions require legal relief. *Failure to file an amended complaint within thirty days may result in this case being dismissed for failure to prosecute*.

Accordingly, while Plaintiff asks for the appointment of legal counsel, the Court is unable to do so because Plaintiff has no operative complaint, or any pleading, which alleges facts sufficient to meet the exceptional circumstances required for the Court to exercise its discretionary authority to appoint counsel in civil matters. *See, e.g.*, *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (noting that appointment of counsel in civil matters is restricted to "exceptional circumstances" which means "the litigant must demonstrate the likelihood of success and the complexity of legal issues involved"). For this reason the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Appoint Counsel (ECF Nos. 8, 12, 16). Thus, the Court **DENIES AS MOOT** Plaintiff's Motion to Expedite (ECF No. 14).

Furthermore, Plaintiff seeks to stop all court correspondence from being sent to the address provided in his filing due to family considerations. (ECF No. 10.) Accordingly, the Court **GRANTS** Plaintiff's motion, (ECF No. 10). The Clerk **SHALL** cease correspondence to the listed address and instead direct all further communications from the Court to the address recently added to his case file.

Plaintiff has also filed what appears to be a motion to transfer venue. (ECF No. 16.) Specifically, Plaintiff asks for the "[t]ransfer of the case to Los Angeles County." (*Id.* at 1.) However, besides not being tethered to an operative complaint, or explaining why he wants to transfer the case to Los Angeles, Plaintiff's request fails to engage with any of the venue transfer considerations outlined in 28 U.S.C. § 1404. Without more, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Transfer Venue, (ECF No. 16). Finally, Plaintiff asks the undersigned to recuse from the case and "to appoint a Judge

acting in the same ethnicity / or language which is Russian / English . . . ." (ECF No. 18.) The Court understands that Plaintiff may have difficulty understanding the Court's Orders. So the Court will do as much as possible to clearly explain to Plaintiff what he must do for his case to proceed.[1] However, the Court does not find that this a reason for disqualification or recusal of the undersigned. *See, e.g.*, 28 U.S.C. § 455 (discussing instances wherein a judge must be disqualified from presiding over a case). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Recusal, (ECF No. 18).

**IT IS SO ORDERED.**

Dated: August 1, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[1] As discussed, that starts with Plaintiff filing a new complaint that tells the Court what his case is about.