| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM,<br><br>Defendants. | Case No.: 17-CV-1098 JLS (KSC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 23) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Presently before the Court is Plaintiff Rudolf Shteynberg's Motion to Appoint Pro Bono Legal Counsel. (ECF No. 23.) On June 30, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but dismissed his complaint for failure to state a claim. ("First Order," ECF No. 6.) The Court granted Plaintiff thirty days to file an amended complaint, which he failed to do. Plaintiff instead filed a variety of motions including a renewed motion to appoint counsel, which the Court subsequently denied on August 2, 2017. ("Second Order," ECF No. 19.) The Court gave Plaintiff an additional thirty days to file an amended complaint. Instead of filing an amended complaint, Plaintiff filed: (1) various

letters responding to the Second Order, (ECF Nos. 21, 25), (2) letters showing that Plaintiff requested his medical records from San Diego Sheriff's Department, (ECF Nos. 20, 29), and (3) a third Motion to Appoint Counsel. (ECF No. 23.)

As the Court previously explained in both its First and Second Orders, Plaintiff must file an operative complaint that explains, through <u>factual allegations</u>, exactly what happened in his case, i.e., who did what to Plaintiff, what were the circumstances, how was he wronged. To date, Plaintiff has not filed an amended complaint. The Court notes, however, that one of Plaintiff's filings alludes to an incident where Plaintiff was "left with no medical assistance for about 2 weeks before Holaween [sic] Day" 2014. (ECF No. 29, at 1.) Plaintiff mentions some sort of medical operation that took place while in custody of the San Diego Sheriff's Department in County Jail and states that he is currently working on obtaining his medical records. (*Id.*) While this falls short of an operative complaint with allegations, Plaintiff has provided some detail not previously disclosed.

Thus, the Court **GRANTS** Plaintiff an additional thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint. The Court, again, instructs Plaintiff to file an amended complaint that plausibly explains, among other things, who did what, when they did it, and what happened to Plaintiff. *Failure to file an amended complaint within thirty days may result in this case being dismissed for failure to prosecute*.

Accordingly, while Plaintiff asks for the appointment of legal counsel, the Court is unable to evaluate his motion because Plaintiff has no operative complaint, or any pleading, which alleges facts sufficient to meet either the exceptional circumstances or the complexity of legal issues required for the Court to exercise its discretionary authority to appoint counsel in civil matters. *See, e.g.*, *Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (noting that appointment of counsel in civil matters is restricted to "exceptional circumstances" which means "the litigant must demonstrate the likelihood of success and the complexity of legal issues involved").

/ / /

2

17-CV-1098 JLS (KSC)

1 | In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel (ECF No. 23) and **GRANTS** Plaintiff an additional thirty (30) days from the date on which this Order is electronically docketed to file an amended complaint.

**IT IS SO ORDERED.**

Dated: October 18, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge