| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>          Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM,<br><br>         Defendants. | Case No.: 17-CV-1098 JLS (KSC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION TO FILE UNDER SEAL**<br><br>(ECF Nos. 45, 47) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Presently before the Court is Plaintiff Rudolf Shteynberg's Motion to Appoint Counsel, (ECF No. 45), and Motion to File Documents Under Seal, (ECF No. 47). On May 30, 2017, Plaintiff filed a Complaint. (ECF No. 1.) On The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). (ECF No. 6.) In the same Order, the Court dismissed Plaintiff's Complaint as insufficient under the mandatory screening requirements of 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 6, at 4.) The Court instructed Plaintiff to file an amended complaint that addressed the shortcomings in his Complaint within thirty (30) days. Plaintiff has not filed an amended complaint. Instead, Plaintiff has filed various motions, including several requests to appoint counsel. The

1

17-CV-1098 JLS (KSC)

Court has repeatedly denied these requests for counsel because Plaintiff has not filed an amended complaint.

Plaintiff states that he needs counsel because his income does not allow him to hire an attorney. (ECF No. 45, at 4.) The Court has repeatedly explained that there is no right to counsel in civil cases. A court may appoint counsel only in exceptional circumstances. *See, e.g.*, *Burns v. Cnty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (noting that appointment of counsel in civil matters is restricted to "exceptional circumstances" which means "the litigant must demonstrate the likelihood of success and the complexity of legal issues involved"). Plaintiff still has not filed an amended complaint or any explanation as to why his case is exceptional.

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel, (ECF No. 44). The Court again instructs Plaintiff to file an amended complaint that meets Federal Rule of Civil Procedure 8 and explains who did what, when Defendants did, and why Plaintiff believes those actions require legal relief.

Plaintiff also moves to file a document under seal. This document appears to be a request for Plaintiff to discuss any questions this Court may have about Plaintiff's case. (ECF No. 48.) There is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing, e.g., *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (recognizing strong presumption in context of civil trial)). Plaintiff has provided no justification for why needs to file documents under seal. More importantly, Plaintiff has not filed an amended complaint. The Court **DENIES** Plaintiff's Motion to File Under Seal, (ECF No. 47). The Court also clarifies that there are no hearings scheduled for Plaintiff because he does not have an operative complaint in front of this Court.

Finally, Plaintiff filed a document with the Court notifying the Court that Plaintiff attempted to get access the Sheriff's Department records and was denied because the Department required a court order. (ECF No. 50.) The remainder of the document is illegible and does not appear to request any relief from this Court. This Court has not

2

17-CV-1098 JLS (KSC)

issued an order allowing Plaintiff access to any records. This is because Plaintiff has not complied with Court orders to file an amended complaint, nor has Plaintiff proceeded beyond the initial IFP screening stage.

The Court has repeatedly admonished Plaintiff to file an amended complaint or else his case would be dismissed with prejudice. The motions Plaintiff has filed over the past year do <u>not</u> constitute an amended complaint. Plaintiff does not have an amended complaint before this Court and again the Court instructs Plaintiff to file an amended complaint describing in detail what Defendant San Diego County Jail did to him. Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days from that date on which this Order is electronically docketed</u>. *Failure to file an amended complaint may result in this case being dismissed for failure to prosecute.*

**IT IS SO ORDERED.**

Dated: April 2, 2018

Hon. Janis L. Sammartino
United States District Judge