UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM,<br><br>　　　　　　　　Defendants. | Case No.: 17-CV-1098 JLS (KSC)<br><br>**ORDER: (1) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S FIRST AMENDED COMPLAINT; (2) DENYING MOTION FOR ELECTRONIC NOTICE; AND (3) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 55, 57, 64, 66) |

Presently before the Court is Plaintiff Rudolf Shteynberg's First Amended Complaint, ("FAC," ECF No. 57), as well as other motions and requests filed recently. On June 30, 2017, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a), (ECF No. 6). The Court determined that Plaintiff did not plead sufficient factual allegations for the Court to determine whether he stated a claim under 42 U.S.C. § 1983. (*Id.* at 4.) The Court dismissed Plaintiff's Complaint and allowed Plaintiff thirty days to file an amended complaint. Instead of filing an amended Complaint, Plaintiff filed many other motions and requests, which the Court has denied for various reasons, primarily because Plaintiff had

1

not filed an amended Complaint. Nearly a year after this Court's Order dismissing his original Complaint, Plaintiff has finally filed an amended Complaint.

**I.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court

must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Additionally, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has re-filed his original Complaint and added a new cover page, which together constitute his First Amended Complaint. (*See* FAC 1.) The new first page states that the "facts of Complain [sic] [illegible] Described in the original documents statements on the Date of 05/30/17." (*Id.*) The amended Complaint goes on to state that the Sheriff's Department "refused to provide treatment in timely manor [sic], which caused to Plaintiff suffering/pains (phisical [sic] + mental abuse)." (*Id.*) Plaintiff also alleges verbal abuse "(use of foul langage [sic])", abuse by imposing psychiatric/medical treatment in excessive manner, refusal to provide access to his bank account to use money at the commissary, and "negligence of Religious Observance by personal beliefs." (*Id.*)

The original pages of his Complaint, attached to the First Amended Complaint provide few details. Plaintiff lists claims with no description as to what they mean. For example he writes, "a) False Arrest[s] by Police Officers B) Abuse of Authorities c) Lost/Stollen [sic] Personal Items exeedy [sic] amount of $800.00." (*Id.* at 4.) There is no

specific date of any of these events, just a broad range from "2014 – present." (*Id.* at 5.) The most detail Plaintiff provides is that he is seeking recovery for personal injuries and medical negligence while he was in custody, but he generally lists conclusory legal statements. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citation omitted)).

The Court acknowledges that Plaintiff's First Amended Complaint provides some detail not previously included in his original Complaint. However, it is very difficult to understand what happened to Plaintiff. He does not provide specific dates, who harmed him, or any details. As this Court has repeatedly instructed Plaintiff, he needs to describe what happened to him. Previously, Plaintiff attempted to contact the Sheriff's Department in an effort to receive a copy of his records. The Court appreciates Plaintiff's efforts but emphasizes that he only needs to allege, in his own words, what occurred. Plaintiff has not done so. Based on the conclusory allegations in his First Amended Complaint, the Court cannot assess whether Plaintiff states a claim.

In light of the foregoing, the Court finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint, (ECF No. 57).

## II. Motion for Electronic Notice

Plaintiff requests the Court contact him through his email address. (ECF No. 55.) Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." Civil Local Rule 5.4(a). With respect to pro se litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual* § 2(b) (2017). A party may seek leave to electronically file documents by filing a motion and demonstrating "the means to do so properly by stating [his] equipment and software

capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *See id.*

Here, Plaintiff provides no information demonstrating that he meets all the requirements to file electronically. Instead, he only requests the Clerk of Court email him. Plaintiff has not provided the Court with any information about his equipment and software capabilities. Because Plaintiff has failed to satisfy the requirements of pro se litigants seeking leave to file electronically as set forth in the CM/ECF Manual, Plaintiff's Motion to file electronically is hereby **DENIED WITHOUT PREJUDICE**

## III. Motion to Appoint Counsel

Plaintiff also requests the Court appoint him counsel. (ECF Nos. 64, 66.) There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff's First Amended Complaint provides the barest information necessary and the Court has dismissed it, per 28 U.S.C. § 1915(e)(2). At this stage, the Court cannot assess Plaintiff's likelihood of success on the merits. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Appoint Counsel, (ECF Nos. 64, 66).

## IV. Conclusion

For the reasons stated above, the Court:

1) **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint, (ECF No. 57). Plaintiff **MAY FILE** an amended complaint within <u>thirty (30)</u>

days from the date on which this Order is electronically docketed. Plaintiff is cautioned that should he choose to file a Second Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim, against any defendant, not re-alleged will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice*;

2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Electronic Notification, (ECF No. 55);

3) **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Appoint Counsel, (ECF Nos. 64, 66).

**IT IS SO ORDERED.**

Dated: June 12, 2018

Hon. Janis L. Sammartino
United States District Judge