UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SHTEYNBERG,<br><br>                          Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY JAIL SHERIFF'S DEPARTMENT MEDICAL TEAM,<br><br>                          Defendant. | Case No.: 17-CV-1098 JLS (KSC)<br><br>**ORDER DENYING PENDING MOTIONS**<br><br>(ECF Nos. 72, 74, 76) |

Presently before the Court are Plaintiff Rudolf Shteynberg's Motion to Reopen Case ("1st Mot." ECF No. 72) and Motion to Request for a Hearing on Damages ("2nd Mot.," ECF No. 74). Plaintiff also filed a Notice to the Ethical Committee of the Judicial Performances Recusal of District Judge ("Notice," ECF No. 76). After considering Plaintiff's Motions and the applicable law, the Court **DENIES** Plaintiff's Motions for the following reasons.

## BACKGROUND

On May 30, 2017, Plaintiff filed a complaint against the San Diego County Jail Sheriff's Department Medical Team alleging "violations of civil rights," "medical

negligence," "mass tort," "false arrests," "personal injuries," "time spen[t]," and "$ spen[t]." ECF No. 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP"). ECF No. 2. On June 30, 2017, the Court granted Plaintiff's Motion to Proceed IFP and screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(a). ECF No. 6. The Court determined that Plaintiff did not plead sufficient factual allegations for the Court to determine whether he stated a claim under 42 U.S.C. § 1983. *Id.* at 4. The Court dismissed Plaintiff's Complaint and allowed Plaintiff thirty days to file an amended complaint.

Nearly a year after the Court's order dismissing his original Complaint, Plaintiff filed a First Amended Complaint on April 6, 2018 (ECF No. 57). On June 12, 2018, the Court screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(a) and found Plaintiff's amended complaint failed to state a claim for relief. ECF No. 67. The Court granted Plaintiff thirty days from the date of that order to file an amended complaint and cautioned that "[s]hould Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice." *Id.* at 6 (emphasis omitted). Plaintiff failed to file an amended complaint, and on July 13, 2018, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed without prejudice for failure to file an amended complaint. (ECF No. 68). The Court granted Plaintiff until August 17, 2018 to respond to the OSC. *Id.* When Plaintiff failed to respond to the Court's OSC or file an amended complaint, the Court issued an order dismissing this case without prejudice on August 20, 2018. ECF No. 69. Plaintiff filed the present Motions nunc pro tunc to September 14, 2021—more than three years after the Court's order dismissing this case. *See* ECF Nos. 72, 74, 76.

## LEGAL STANDARD

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the

judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

## ANALYSIS

In a single page filing captioned Motion to Reopen Case, Plaintiff states:

> This is a request to reopen the case Rudolf Shteynberg vs. Sherriff's Department of the San Diego County on legal matters as tort/civil rights violations/title 1983 monetary request for restitution to compensate illegal tort and battery while being in a custody of the Sheriff's Department. San Diego City Correctional Facility and false arrest by a police officers during [illegible] done to indirect misconduct of Lady (Lilianna) while in [illegible] services.

1st Mot. at 1.

Plaintiff further states that the Motion "is to notify [illegible] Judge assigned to these legal matters! And Administrator of the Court House of San Diego County." The Court construes this filing as a motion for reconsideration of the Court's August 20, 2018 Order (the "Order") dismissing Plaintiff's action for failing to respond to the OSC or file an amended complaint.

As an initial matter, Plaintiff's Motion is untimely pursuant to Rule 60. Plaintiff filed the Motion more than three years after the Court issued the Order dismissing this case without prejudice. Even examining the motion on the merits, however, Plaintiff provides no information warranting relief from the Order. In the OSC, "[t]he Court ordered Plaintiff to respond or file an amended complaint on or before August 17, 2018." Order at 1. Plaintiff did not do so. *Id.* at 2. The Court allowed Plaintiff multiple opportunities to amend his complaint, but Plaintiff failed to do so. Even three years later, Plaintiff's present filings cannot be construed as pleadings. The present Motion is void of any reasons why Plaintiff should be granted relief to reopen this case. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*

§ 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). The Court finds that Plaintiff has failed to provide any factual or evidentiary support for any basis that would justify vacating the Court's August 20, 2018 Order. Accordingly, Plaintiff's Motion to Reopen Case is **DENIED**.

Plaintiff's Motion to Request a Hearing on Damages is similarly brief and provides no factual information regarding Plaintiff's claims. As the Court has denied Plaintiff's motion to reconsider the Order dismissing this case, Plaintiff's Motion to Request a Hearing on Damages is **DENIED AS MOOT**.

Finally, Plaintiff filed a Notice that he captioned Notice to the Ethical Committee of the Judicial Performances Recusal of District Judge. Plaintiff states the purpose of the notice is "to notify that [illegible] master/Judge Sammartino has been recused from presiding over the case as a [illegible] judge, since she refused to appoint a legal counsel to represent the plaintiff on damages claim!" Plaintiff is appearing pro se, and thus his pleadings must be liberally construed. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Therefore, the Court construes Plaintiff's notice as a request that the undersigned recuse herself and a request for appointment of counsel. The Court addresses these requests in turn.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." The test for recusal under § 455(a) is an objective one; a judge must recuse herself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005)) (internal quotation marks omitted); *accord Liteky v. United States*, 510 U.S. 540, 548 (1994). "The 'reasonable person' is not someone who is 'hypersensitive or

unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Holland*, 519 F.3d at 913 (quoting *In re Mason*, 916 F.3d 384, 386 (7th Cir.1990)).  Plaintiff failed to present any facts to suggest partiality or bias on the part of the undersigned.  Plaintiff appears to solely base his request for recusal on the Court's denial of his motion for appointment of counsel.  Notice at 1.  On June 12, 2018, the Court denied Plaintiff's motion to appoint counsel without prejudice.  *See* ECF No. 67 at 5.  In denying Plaintiff's request, the Court reasoned that "Plaintiff's First Amended Complaint provides the barest information necessary and the Court has dismissed it, per 28 U.S.C. § 1915(e)(2)."  *Id.*  Because there is no basis for recusal or disqualification, Plaintiff has not provided any reason why the undersigned's impartiality might reasonably be questioned.  Denying a motion without prejudice is not a basis for recusal.  *United States v. Ford*, 293 F. Supp. 3d 1138, 1140 (E.D. Cal. 2018) ("Prior judicial rulings unfavorable to defendant are a basis for appeal, not recusal.").  Therefore, to the extent Plaintiff's Notice requests the undersigned recuse from the case, that request is **DENIED**.

As to Plaintiff's request for appointment of counsel, that request is also **DENIED**.  There is no constitutional right to counsel in a civil case.  *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981).  This case has remained closed for more than three years, and Plaintiff never filed an amended complaint.  Without an operative pleading, the Court declines to entertain a motion to appoint counsel.  As this case remains closed, appointment of counsel is not appropriate.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Reopen Case (ECF No. 72) and **DENIES** Plaintiff's Motion to Request a Hearing on Damages (ECF No. 74).  To the extent Plaintiff's Notice to the Ethical Committee of the Judicial Performances Recusal of District Judge (ECF No. 76) requests the undersigned recuse

///
///
///

herself and requests appointment of counsel, the Court **DENIES** those requests.  This case remains closed.

**IT IS SO ORDERED**.

Dated:  October 25, 2021

Hon. Janis L. Sammartino
United States District Judge

17-CV-1098 JLS (KSC)